UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN ROBIN, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-2126 |
| GALLODORO INSURANCE AGENCIES, INC., ET AL | SECTION "N" (3) |

## **ORDER AND REASONS**

Plaintiffs, Susan Robin, wife of/and Dan A. Robin, Sr., have filed a "Motion to Remand and for Attorney's Fees and Costs of these Proceedings" (Rec. Doc. #3), seeking remand of this matter back to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. Defendant, Lexington Insurance Company ("Lexington") opposes plaintiffs' motion (Rec. Doc. #6).

On February 13, 2006, plaintiffs filed their original Petition in the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana. They claim damages against Lexington Insurance Company resulting from Hurricane Katrina on or about August 29, 2005. Plaintiffs also claim penalties and attorney's fees pursuant to La. R.S. 22:658 and La. R.S. 22:1220. Included as a defendant in the Petition is Gallodoro Insurance Agencies, Inc. ("Gallodoro"). Plaintiffs claim that, on or about July 12, 2005, they purchased homeowner's insurance coverage through Gallodoro,

1

which eventually placed the coverage with Lexington, which in turn issued a policy purportedly effective from 7-12-05 through 7-12-06. Plaintiffs' claims against Gallodoro, as set forth in Paragraphs 8 and 9 of the original Petition, are as follows:

8.

Defendant, Gallodoro Insurance Agencies, Inc. is also liable to petitioners for damages for its failure and/or refusal to act with ordinary diligence and enforce payment from defendant, Lexington Insurance Company, which it knew was liable to petitioners under the terms and conditions of their homeowners insurance policy. Gallodoro's failure and/or refusal to enforce payment from Lexington Insurance Company on behalf of petitioners is a breach of its fiduciary duty to petitioners in violation of Louisiana Civil Code Articles 3001 and 3003. In the alternative, petitioners detrimentally relied upon the advice given by Gallodoro Insurance Agencies, Inc. in that they believed that their home at 2400 Maple Street and the contents contained therein was insured pursuant to the homeowners' insurance policy purchased at defendant's business.

9.

Petitioners plead amicable demand to no avail.

Plaintiffs seek a judgment "jointly, severally, and *in solido*" against Lexington and Gallodoro.

Lexington claims complete diversity of citizenship exists between the parties, and, since Gallodoro was fraudulently and/or improperly joined, its citizenship should be disregarded. Lexington also claims, in the alternative, that there was a misjoinder of parties pursuant to Rule 20 of the Federal Rules of Civil Procedure, such that Gallodoro's citizenship cannot be considered.

The Court finds that the issues raised in the Motion to Remand have been discussed in detail in *Schwartz v. Chubb & Sons, Inc.,* 2006 WL 980673 (E.D. La. April 11, 2006) and *Radlauer v. Great Northern Insurance Co.,* 2006 WL 1560791 (E.D. La. May 16, 2006). The Court incorporates

the rationale set forth in those opinions by reference herein, in determining that remand is proper and appropriate.

The Court agrees with Lexington that plaintiffs have no claim against Gallodoro for penalties and attorney's fees pursuant to La. R.S. 22:658 and La. R.S. 22:1220, and that the allegations against Gallodoro set forth in the first part of Paragraph 8 (referencing Gallodoro's alleged "failure and/or refusal to enforce payment from Lexington Insurance Company") fail to state a claim.  However, the remainder of Paragraph 8 does indeed state at least reasonable grounds for possible recovery against Gallodoro.  Though couched in terms of detrimental reliance by plaintiffs "upon the advice given by Gallodoro", such claim, when construed in favor of plaintiffs, clearly though inartfully expresses a claim for damages against Gallodoro for errors/omissions purportedly committed in the procurement of insurance coverage for plaintiffs.  The merits of such claim, of course, are not relevant to the Court's decision to remand the matter back to state court.

Plaintiffs also seek an award of attorney's fees and costs in connection with the Motion to Remand.  Under 28 U.S.C. Sec. 1447(c), a court "may award attorney's fees" only where the removing party lacked an objectively reasonable basis for seeking removal.  *Valdes v. Wal Mart Stores, Inc.,* 199 F.3d 290 (5th Cir. 2000).  Finding that removal in this case was not objectively unreasonable, the Court declines the award of attorney's fees and costs in connection with this Motion to Remand.

For the afore-stated reasons, the Motion to Remand is **GRANTED IN PART and DENIED IN PART**. It is **GRANTED** insofar as it seeks remand of this matter to state court, and is **DENIED** in all other respects.

New Orleans, Louisiana, this 19th day of July, 2006.

_____
**KURT D. ENGELHARDT
United States District Judge**